**RHODE ISLAND DEPOSITORS ECONOMIC PROTECTION CORPORATION**

v.

**William J. RIVELLI et al.**

No. 95–72–Appeal.

Supreme Court of Rhode Island.

March 8, 1996.

Melissa E. Darigan, Providence, for Plaintiff.

Robert J. Cosentino, Albert R. Romano, Providence, for Defendant.

## OPINION

PER CURIAM.

This matter came before a hearing panel of this court on February 20, 1996, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. The defendants Edward Civito (Civito), John Fransisco (Fransisco), Robert J. Consentino (Consentino), and Barristers Court Associates have filed this appeal from a Superior Court judgment in favor of the plaintiff, Rhode Island Depositors Economic Protection Corporation (DEPCO), in the amount of $601,959.78, including interest.

On June 22, 1987, defendants, William J. Rivelli (Rivelli), Fransisco, Civito, and Consentino, as general partners of Barristers Court Associates, executed a variable-rate mortgage note in the amount of $1.7 million to Marquette Financial Corp. The note was secured by a mortgage on a property located at 22 Miles Avenue in Providence, Rhode Island. According to the complaint, defendants defaulted on their obligations owed under the note. In order to satisfy their obligations under the note, defendants voluntarily sold the property and applied the sale proceeds to the note. The proceeds, however, were insufficient to satisfy the amount due under the note.

DEPCO, as receiver for Marquette Credit Union (Marquette), brought suit against defendants for the amount of the deficiency remaining after the sales proceeds were applied to the note. The plaintiff subsequently filed a motion for summary judgment which was granted in regard to defendants Fransisco, Civito, Consentino, and Barristers Court Associates.[1]

■ The defendants have filed a joint appeal from this judgment. Civito, however, filed a separate prebriefing statement. In his prebriefing statement, Civito maintains that he relinquished any interests he had in Barristers Court Associates in late 1990, prior to the default on the note. Civito contends that Marquette and its officers were aware of his withdrawal from the partnership. Therefore, he argues, summary judgment should not have been entered against him since a question of fact exists concerning his liability under the note.

■ As we have often stated, we shall uphold a trial justice's granting of summary judgment when our review reveals no issue of material fact and the moving party is entitled to judgment as a matter of law. *Hydro–Manufacturing, Inc. v. Kayser–Roth Corp.*, 640 A.2d 950, 954 (R.I.1994). Upon review of the record before us, we are persuaded by the trial justice's determination that absent a written agreement with the bank to waive his obligation on the original note, Civito is liable for any debt under that note. As G.L.1956 § 42–116–23 clearly states:

"No agreement which tends to diminish or defeat the interest of [DEPCO] in any asset acquired by it under this chapter shall be valid against [DEPCO] unless such agreement:

(a) Is in writing;

(b) Was executed by the eligible institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the eligible institution;

(c) Was approved by the board of directors of the eligible institution or its loan committee; which approval shall be reflected in the minutes of the board or committee; and

(d) Has been, continuously, from the time of its execution, an official record of the eligible institution."

The record clearly indicates that Civito has failed to provide any written or documentary evidence to show that an agreement existed among Civito, Marquette, and the Barristers Court Associates, as required by § 42–116–23. Therefore, the trial justice correctly granted summary judgment as a matter of law against Civito.

■ The remaining two defendants, Fransisco and Consentino, also maintain that summary judgment should not have entered against them. Fransisco and Consentino argue that they relied on certain representations made by former employees of Marquette which relate to their purported release from liability under the note. Specifically, Fransisco and Consentino argue that Marquette allegedly agreed to finance sales of individual condominiums for defendants. However, because Marquette closed, it was unable to provide defendants with the necessary financing. As a result, Fransisco and Consentino argue, Barristers Court Associates lost sales because prospective buyers were forced to look elsewhere for financing. Fransisco and Consentino now

---

1. Because Rivelli had filed for bankruptcy prior to the trial court's hearing on the motion, summary judgment was not entered against him.

rely on the alleged financing agreement between Marquette and Barristers Court Associates as a defense to their failure to satisfy their obligations under the note.

We do not find merit in Fransisco's and Consentino's argument. It should first be noted that the defendants' inability to obtain sales that were allegedly due to Marquette's failure to provide financing does not release them from any liability under the note. The fact remains that the defendants defaulted on their obligations to make timely payments pursuant to the note and are therefore liable for any deficiencies due and owing under the note. Nevertheless, as stated previously, any modification to the note in question must satisfy the requirements provided for in § 42–116–23. There is no indication in the record before us to show that the defendants did comply with such requirements. For example, Fransisco and Consentino have failed to provide any written documentation or proof to establish that the conditions of the note were modified. We are therefore of the opinion that the trial justice correctly granted summary judgment as a matter of law against the remaining defendants.

Accordingly, after hearing the arguments of counsel and reviewing the memoranda that the parties submitted, we conclude that cause has not been shown. The defendants' appeal is therefore denied and dismissed, and the judgment appealed from is affirmed.

BOURCIER, J., not participating.